STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. JAMES BUTLER, PLAINTIFF IN ERROR.

Submitted January 15, 1946—Decided March 25, 1946.

Before Justices PARKER and OLIPHANT.

For the plaintiff in error, *John Rauffenbart* and *William H. Smathers* (*Marlin Bloom,* of counsel).

For the defendant in error, *Lewis P. Scott,* Prosecutor of the Pleas, and *David R. Brone,* Assistant Prosecutor of the Pleas.

The opinion of the court was delivered by

OLIPHANT, J.   The plaintiff in error was convicted in the Atlantic County Court of Quarter Sessions upon the trial of an indictment charging him with conversion as bailee in contravention of the statute *R. S.* 2:124–11.

The legality of the conviction is brought before the Court for review upon strict writ of error, the assignments of error thereunder numbering nine, and also under *R. S.* 2:105–16, the specification of causes for reversal being identical with the assignments of error.

We need consider but one of the points briefed, that of an erroneous charge.   A general exception was taken to the charge and under this errors of law may be assigned upon any portion of the charge so excepted to.   *R. S.* 2:195–20. There appears such an assignment.

The complained of portion of the charge was as follows:

"Now, to constitute this crime there must be some evidence of an intent to illegally appropriate property to the defendant's own use, and that permanently.   Where an act becomes criminal only by reason of the intent with which it is done, and that is this class of case, such intent must be proved."

This instruction constituted legal error.   The vice of the language was in the use of the word "some," which is defined as "an unknown or unspecified amount," and the failure to add that the intent to illegally appropriate the money must be established beyond a reasonable doubt before a conviction could be had.

Under the charge as given by the learned trial judge the jury had a right to believe they could convict if there was *any* evidence of an intent by the defendant to illegally appro-

priate the property entrusted to his care to his own use and that such intent need not be proved beyond a reasonable doubt. An intent is an essential element of the embezzlement charged, *State* v. *Then,* 118 *N. J. L.* 31, and the intent to illegally appropriate the property must be proved beyond a reasonable doubt. Such was the pronouncement of this court in *State* v. *Temple,* 63 *Id.* 375, a case analogous to the instant one, where it was said "the intent to convert the money was an essential element of the embezzlement charged. It was the specific criminal element that made the retention fraudulent. Unless the jury was satisfied of its existence, beyond a reasonable doubt, the state had not legally established the defendant's guilt." An examination of the entire charge convinces us that the error complained of was not corrected or annulled.

The judgment of conviction is reversed.